UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH CARLTON JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.: 1:12-cv-01881 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

  Hugh Johnson ("Plaintiff") seeks judicial review of a decision denying his application for Social Security benefits. (Doc. 1). The Court issued its Scheduling Order on December 13, 2012, which set forth applicable deadlines for the parties in this action. (Doc. 8). The Court ordered Plaintiff to "serve on respondent a letter brief outlining the reasons why he[] contends that a remand is warranted" within thirty days after service of the administrative record. *Id.* at 2. Defendant lodged the administrative record on July 9, 2013. (Doc. 13). Accordingly, Plaintiff was to serve a confidential letter brief on or before August 8, 2013.

  On August 14, 2013, Defendant filed a "Notice of Non-Receipt," informing the court that in spite of the fact that Defendant contacted "Plaintiff via telephone regarding his need to submit a letter brief," Plaintiff failed to serve his confidential letter brief as ordered by the Court. (Doc. 14). Consequently, Plaintiff has failed to prosecute this action, and failed comply with the terms of the Court's Scheduling Order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with the court's order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause why the action should not be dismissed for his failure to prosecute and failure comply with the Court's order. **In the alternative**, Plaintiff **SHALL** serve a confidential letter brief to Defendant as described in the Court's Scheduling Order on or before **August 30, 2013**.

Defendant **SHALL** notify the Court no later than **September 5, 2013** whether it has received a confidential letter brief from Plaintiff. If Plaintiff does not serve a letter brief, Defendant shall file a declaration attesting to such facts, and the action will be dismissed for failure to prosecute and failure to comply with the Court's order pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 15, 2013**          **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

2