# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH C. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:12-cv-01881 - JLT<br><br>ORDER DIRECTING PLAINTIFF TO SERVE DEFENDANT WITH A CONFIDENTIAL LETTER BREIF |

    Hugh Johnson ("Plaintiff") is proceeding pro se with an action for judicial review of the decision of the Social Security Administration to deny his application for benefits. (Doc. 1). On August 15, 2013, the Court issued an order to show cause to Plaintiff why the action should not be dismissed for his failure to comply with the Court's Scheduling Order by serving Defendant with a confidential letter brief, and his failure to prosecute the action. (Doc. 15). The Court ordered Plaintiff to either show cause or serve Defendant with a confidential letter brief on or before August 30, 2013. *Id.* at 2. The Court warned that if Plaintiff failed to serve a letter brief, the action would be dismissed pursuant to Local Rule 110. *Id.*

    Plaintiff filed a response to the Court's order on August 28, 2013. (Doc. 16). According to Plaintiff, he contacted the Court "and was told that all of the necessary papers had been filed and all parties had received summons," and that he "was under the impression that all necessary parties and paper work had been received." *Id.* at 1.

Although Plaintiff is correct that the summons was issued and Defendant has been served, the Court's Scheduling Order, which was issued on December 13, 2012, identifies what further actions that must be taken by the parties. (*See* Doc. 8).  Pursuant to the terms of the Scheduling Order, Plaintiff must serve Defendant with "a letter brief outlining the reasons why he[] contends that a remand is warranted."  *Id.* at 2.  The parties must exchange informal briefs to attempt informal resolution of the action.  Thus, in the confidential letter brief, Plaintiff must set forth (1) the issues in the case, (2) the reasons why Plaintiff thinks he is entitled to Social Security benefits, and (3) why the decision to deny benefits should be remanded for further consideration by an administrative law judge. (*See* Doc. 8 at 2).  The document must be marked "Confidential Letter Brief" and should not be filed with the Court.  *Id.*  Plaintiff must file a proof of service with the Court that the letter brief has been served.  *Id.*

Because Plaintiff has not filed a confidential letter brief, at this time, the order to show cause is not discharged.  However, given Plaintiff's misunderstanding that all documents necessary had been completed, and his pro se status, the Court will extend the deadline for Plaintiff to comply with the terms of the Court's orders to serve Defendant with a confidential letter brief.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff **SHALL** serve a confidential letter brief to Defendant as described in the Court's Scheduling Order on or before **September 23, 2013** and file a proof of service with the Court;

2. Defendant **SHALL** notify the Court no later than **September 30, 2013** whether it has received a confidential letter brief from Plaintiff; and

3. **Plaintiff is warned that failure to comply will result in the dismissal of the action for failure to prosecute and failure to comply with the Court's orders pursuant to Local Rule 110**.

IT IS SO ORDERED.

Dated:   **September 11, 2013**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE

2