UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH CARLTON JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:12-cv-01881 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

    Hugh Johnson ("Plaintiff") seeks judicial review of a decision denying his application for Social Security benefits. (Doc. 1.) The Court issued its Scheduling Order on December 13, 2012, which set forth applicable deadlines for the parties in this action. (Doc. 8.)

    On September 20, 2013, Plaintiff served Defendant with a confidential letter brief. (*See* Doc. 19.) Pursuant to the Court's scheduling order, 65 days after serving the confidential letter brief, Plaintiff was to file an opening brief with the Court if the parties did not agree to a remand. (Doc. 8 at 2) (explaining the defendant had 35 days to respond to the plaintiff's letter brief, and the plaintiff had thirty days to "file and serve an opening brief" after receiving the response). Thus, Plaintiff was to file an opening brief on or before November 25, 2013. However, to date, Plaintiff has not filed an opening brief and has not complied with the Court's Scheduling Order.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with the court's order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause why the action should not be dismissed for his failure to prosecute and failure to comply with the Court's order no later than **January 24, 2014**. In the alternative, Plaintiff **SHALL** file an opening brief as described in the Court's Scheduling Order.

IT IS SO ORDERED.

Dated:   **January 8, 2014**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE