UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH CARLTON JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.: 1:12-cv-01881 - JLT<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE AN OPENING BRIEF IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE |

　　　　Hugh Johnson ("Plaintiff") seeks judicial review of a decision denying his application for Social Security benefits. (Doc. 1.) The Court issued its Scheduling Order on December 13, 2012, which set forth applicable deadlines for the parties in this action. (Doc. 8.) Plaintiff was to file an opening brief on or before November 25, 2013. (*See* Doc. 23 at 1.) However, Plaintiff failed to comply with the Court's Scheduling Order, and as a result the Court issued an order to show cause to Plaintiff, directing him to show cause why the action should not be dismissed for his failure to prosecute or, in the alternative, to file his opening brief. (Doc. 23.)

　　　　On January 24, 2014, Plaintiff filed a response to the Court's order to show cause, asserting that he did not know he had to take any action after filing the case, and does not believe himself qualified to prepare legal briefs as he lacks knowledge of Social Security law. (Doc. 24 at 1.) Plaintiff requests that the Court grant an extension of time so that he may "further look into finding… a Lawyer" to assist him with the action. (*Id.*)

Significantly, Plaintiff initiated this action by filing a request for judicial review of the decision denying his application for Social Security benefits on November 15, 2012. (Doc. 1) On December 13, 2012, the Court issued its Scheduling Order in the action, which not only set forth the applicable deadlines in this action, but explained what actions Plaintiff would be required to take in this action, including serving Defendant with a letter brief that explained why he believed the matter should be remanded for further consideration by the Social Security Administration and filing an opening brief with the Court if the Commissioner did not agree to a remand. (Doc. 8 at 2-3.) Further, the Court explained an opening brief must include the following information:

(a) a plain description of appellant's alleged physical or emotional impairments, when appellant contends they became disabling, and how they disable appellant from work;

(b) a summary of all relevant medical evidence including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

(c) a summary of the relevant testimony at the administrative hearing;

(d) a recitation of the Commissioner's findings and conclusions relevant to appellant's claims;

(e) a short, separate statement of each of appellant's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and

(f) argument separately addressing each claimed error.

(Doc. 8 at 3-4.) Thus, Plaintiff has known *for more than a year* that prosecuting his case would require the filing of an opening brief as described in the Scheduling Order. Although Plaintiff believes he lacks the qualifications to prepare a brief, he has demonstrated an ability to communicate with the Court why he believes the administrative law judge erred in finding Plaintiff is capable of returning to his past work as a machine operator.

The Scheduling Order permits a single extension of time of thirty days by stipulation of the parties. (*See* Doc. 8 at 4.) Although the parties have not filed such a stipulation, the Court notes that the extension has not been previously used by the parties. Accordingly, the Court will grant Plaintiff an extension of time to file an opening brief as described above and in the Scheduling Order.

///

Based upon the foregoing, Plaintiff's request for an extension of time is **GRANTED**. Plaintiff **SHALL** file an opening brief in this action no later than **February 28, 2014**. The Court's order to show cause will remain in effect during this time, and will be discharged upon the filing of Plaintiff's opening brief. **Failure to comply with the Court's order will result in the dismissal of the action**.

IT IS SO ORDERED.

Dated:   **January 31, 2014**                    /s/ Jennifer L. Thurston
                                                                       UNITED STATES MAGISTRATE JUDGE